UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ERIC SCURRY,  )<br>)<br>Defendant.  )<br>) | Case No. 1:10-cr-00310-RCL-4 |

**MEMORANDUM OPINION**

## I. INTRODUCTION

Pending before this Court is Eric Scurry's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody. ECF No. 387. After considering Scurry's motion and reply, the opposition by the United States, the applicable law, and the entire record herein this Court **DENIES** petitioner's § 2255 motion to vacate, set aside, or correct his sentence.

## II. BACKGROUND

In July 2009, the FBI embarked on an investigation into narcotics trafficking in the 4200 block of 4th Street SE in Washington, D.C. As a result of information obtained from two cooperating witnesses, the FBI concluded that Mr. Scurry was a crack (cocaine base) dealer. On April 2, 2010, the FBI was granted authorization to wiretap Mr. Scurry's cell phone. This tap ultimately lasted from April 2, 2010 until May 31, 2010. Based on evidence obtained in the Scurry tap, the FBI was granted authorization to tap to cell phones associated with co-defendant Terrance Hudson from June 14, 2010 to July 13, 2010. The Hudson taps then pointed to co-defendant Robert Savoy, and the FBI was granted authorization to tap two cell phones associated with Savoy

1

from July 23, 2010 to August 21, 2010. Information obtained from the Savoy taps implicated co-defendant James Brown, and the FBI obtained authorization to tap Brown's cell phone from September 13, 2010 to October 12, 2010.

As a result of the evidence obtained in the wiretaps, the defendants were indicted in 2010 for various drug-trafficking offenses. In 2011, defendants Scurry, Hudson, Savoy, Johnson, and Brown moved to suppress the evidence obtained from the wiretaps on the grounds that the affidavits in support of the government's applications for interception of communications did not establish probable cause, did not satisfy the necessity requirements of 18 U.S.C. § 2518(3)(c), did not meet the "minimization" requirements under Title III, and that the taps were not properly authorized. This Court denied those motions on August 3, 2012. *See United States v. Savoy*, 883 F. Supp. 2d 101 (D.D.C. 2012). The defendants thereafter entered into plea agreements. Defendant Scurry pleaded guilty to a two-count superseding information charging him with conspiracy to distribute 280 grams or more of cocaine base and conspiracy to commit money laundering. He agreed that he was responsible for more than 280 grams but less than 840 grams of cocaine base and that a sentence of 144 months was appropriate. On December 3, 2012, he was sentenced to 144 months imprisonment.

On appeal, the Court of Appeals for the D.C. Circuit found that "each of the Hudson and Johnson [wiretap] orders is 'insufficient on its face,' because each fails to include information expressly required by Title III," namely, the identity of "the individual high-level Justice Department official who, as required by section 2516(1), authorized the underlying wiretap application." *United States v. Scurry*, 821 F.3d 1, 8 (D.C. Cir. 2016) (internal citation omitted). The Court of Appeals found that suppression of the evidence collected or derived from the Hudson and Johnson wiretaps was the appropriate remedy. *Id.* at 13–14. With respect to the Scurry

wiretaps, however, the Court of Appeals found that the applications were supported by probable cause and satisfied the necessary requirements. *Id.* at 16–18. It therefore affirmed this Court's denial of Mr. Scurry's motion to suppress. *Id.* at 18.

After the case was remanded for further proceedings, the government determined that evidence from the Savoy taps was derived from the Hudson taps, and was therefore subject to suppression. It thus moved to dismiss the cases against defendants Hudson, Johnson, Savoy, and Brown. Those motions were granted on September 28, 2016, and the defendants were released from prison. Mr. Scurry therefeafter timely filed this § 2255 motion to vacate, set aside or correct his sentence arguing that his guilty plea was not knowing or voluntary because "at the time he pled guilty, he believed he was agreeing to drug-quantity amounts attributable to his co-conspirators and, because their cases were later dismissed by the government, he is entitled to the same result." ECF No. 396 at 4.

### III. LEGAL STANDARDS

#### A. 28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a federal prisoner can move for the court that sentenced him to vacate, set aside or correct that sentence if the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* § 2255(a). "Relief under § 2255 is an extraordinary remedy in light of society's legitimate interest in the finality of judgments." *United States v. Zakas*, 793 F. Supp. 2d 77, 80 (D.D.C. 2011). To obtain collateral review under § 2255, petitioner "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). The petitioner bears the burden of proof under § 2255 and must show that he is

entitled to relief by the preponderance of the evidence. *United States v. Pollard*, 602 F. Supp. 2d 165, 168 (D.D.C. 2009).

### B. Knowing and Voluntary

"Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises." FED. R. CRIM. P. 11(b)(2). To ensure that a plea is voluntary, the defendant participates in a colloquy with the trial court to determine that he understands the nature of the charge to which the plea is offered. FED. R. CRIM. P. 11 (c)(1). For a plea to be voluntary under the United States Constitution, "a defendant must receive real notice of the true nature of the charge against him." *United States v. Ahn*, 231 F.3d 26, 29 (D.C. Cir. 2000). "Real notice is that which is sufficient to give the defendant an understanding of the law in relation to the facts of his case. In assessing whether the defendant has such an understanding, the record of the plea colloquy must, based on the totality of the circumstances, lead a reasonable person to believe that the defendant understood the nature of the charge." *Id.*

## IV. ANALYSIS

This Court will deny Mr. Scurry's § 2255 motion given that he knowingly, intelligently and voluntarily entered into his guilty plea. A defendant voluntarily enters into his guilty plea when he receives "real notice of the true nature of the charge against him." *Ahn*, 231 F.3d at 29. Here, Mr. Scurry engaged in a colloquy with this Court to ensure that he understood the terms of his plea agreement and the proffer of evidence. The Court reviewed with Mr. Scurry each of the charges against him, the minimum and maximum sentences that he faced, and the government's proffer of evidence regarding his case. 9/10/12 Tr. 19-23, 31-32, ECF No. 343. The defendant acknowledged that he had signed the plea agreement and that he had reviewed it "carefully" with

4

his counsel and that he was "in fact, guilty of these offenses." *Id.* a 32. Specifically, Mr. Scurry acknowledged that he "conspired to, and aided and abetted, the distribution and possession with intent to distribute more than [sic] 280 grams but less than 840 grams of cocaine case, also known as crack cocaine, in the District of Columbia and elsewhere." Proffer of Evidence, ¶ 1, ECF No. 232. Because he reviewed the terms of his plea agreement with this Court and acknowledged that he was fully aware of the terms of his agreement, this Court finds that he entered into the agreement voluntarily. *See U.S. v. Dewalt*, 92 F.3d 1209, 1212 (D.C. Cir. 1996) (quoting *United States v. Frye*, 738 F.2d 196, 201 (7th Cir. 1984) ("[A] court must have a colloquy with the defendant that would lead a reasonable person to believe that the defendant understood the nature of the charge.").

Mr. Scurry does not argue that the colloquy was insufficient. Rather, he contends that his plea was not knowing and voluntary because it was "induced by the evidence seized from the illegal wiretaps." ECF No. 387 at 7. He argues that but for the evidence obtained from the illegal wiretaps he would not have plead guilty to distributing 280 grams or more of cocaine base. Those drug amounts, Mr. Scurry contends, can only be determined based on the illegal wiretaps. In essence, he is arguing that the government could not have used the evidence obtained from the illegal wiretaps as proof that he engaged in a conspiracy to distribute 280 grams or more of cocaine base and that his plea was therefore induced involuntarily.

Mr. Scurry points to no authority supporting this argument. Rather he cites two out-of-circuit cases: (1) a Ninth Circuit case for the proposition that "[t]he existence of illegally obtained evidence alone is not a sufficient ground to set aside a conviction. It must be shown that the illegally obtained evidence induced or caused guilty pleas, so as to render them involuntary," *French v. United States*, 416 F.2d 1149, 1153 (9th Cir. 1968), and (2) a Third Circuit case which provides that a guilty plea "induced by a coerced confession" would be involuntary, *U.S. ex rel*

5

*McCloud v. Rundle*, 402 F.2d 853, 857 (3rd Cir. 1968)   But in those cases the question was whether defendant's *own* confession was found to have been illegally obtained.  Here, Mr. Scurry asserts that his plea was not voluntary because evidence obtained from wiretaps targeting *other* individuals was ultimately suppressed.  Notably, the evidence from the illegal wiretaps was suppressed as to those individuals because they were obtained in violation of their Fourth Amendment privacy rights.  But it is well established that evidence obtained in violation of one person's Fourth Amendment rights may be used in the prosecution of another person. *See e.g., United States v. Salvucci*, 448 U.S. 83, 95 (1980).  To establish standing to challenge the use of that evidence against him, Mr. Scurry must have been "target of the wiretap or a person party to a wiretap intercept." 18 U.S.C. § 2510(11).  Mr. Scurry was not the target of the wiretaps that the D.C. Circuit found invalid and he has not established in his pleadings that he was a party to the wiretap intercept.  Therefore, the mere fact that evidence was suppressed as to others does not render his plea involuntary.

Moreover, the record establishes that Mr. Scurry had reason to plea even when one does not consider the evidence obtained from the illegal wiretaps.  In other words, his plea was not "induced."  As the government highlights, he agrees that he committed the following overt acts, among others: (1) that he sold cocaine base to a confidential informant on 9 occasions in the amount of 31.67 grams, (2) that he had more than 50 crack cocaine customers, and (3) that the police recovered 4.6 grams of cocaine base from defendant Hudson's room during a search of Mr. Scurry house. ECF No. 396 at 8-9.  In light of that proffer, his decision to plea and receive a sentence of 12 years on that charge was not illogical considering the sentence he could face going to trial.  As the government noted, by pleading the defendant "avoided potential convictions on 20

counts, a statutory maximum sentence of life, and a Sentencing Guidelines range of 292 to 365 months." ECF No. 396 at 13.

That aside, the only issue before this Court is whether Mr. Scurry knowingly and voluntarily entered into his plea agreement. Because he acknowledged on the record at his colloquy that he understood the nature of the charges against him, this Court finds that there are no grounds to set aside, vacate, or correct his sentence. Since this case can be decided on the record, the Court sees no reason for discovery and an evidentiary hearing.

## V. CONCLUSION

For the reasons stated above, this Court finds that Mr. Scurry entered into his plea agreement knowingly and voluntarily. His § 2255 motion is **DENIED**. A separate order accompanies this memorandum opinion.

*Royce C. Lamberth*
Royce C. Lamberth
United States District Judge

DATE: August 22, 2018