# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 10-cr-310-4 (RCL)** |
| | ) | |
| **ERIC SCURRY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Currently before this Court is defendant Eric Scurry's motion to dismiss the indictment against him [ECF No. 379]. For the reasons stated below, the Court will deny this motion.

In July 2009, the FBI embarked on an investigation into narcotics trafficking in the 4200 block of 4th Street SE in Washington, D.C. As a result of information obtained from two cooperating witnesses, the FBI concluded that Scurry was a crack (cocaine base) dealer. On April 2, 2010, the FBI was granted authorization to wiretap Eric Scurry's cell phone. This tap ultimately lasted from April 2, 2010 until May 31, 2010. Based on evidence obtained in the Scurry tap, the FBI was granted authorization to tap to cell phones associated with co-defendant Terrance Hudson from June 14, 2010 to July 13, 2010. The Hudson taps then pointed to co-defendant Robert Savoy, and the FBI was granted authorization to tap two cell phones associated with Savoy from July 23, 2010 to August 21, 2010. Information obtained from the Savoy taps implicated co-defendant James Brown, and the FBI obtained authorization to tap Brown's cell phone from September 13, 2010 to October 12, 2010.

As a result of the evidence obtained in the wiretaps, the defendants were indicted in 2010 for various drug-trafficking offenses. In 2011, defendants Scurry, Hudson, Savoy, Johnson, and Brown moved to suppress the evidence obtained from the wiretaps on the grounds that the

affidavits in support of the government's applications for interception of communications did not establish probable cause, did not satisfy the necessity requirements of 18 U.S.C. § 2518(3)(c), did not meet the "minimization" requirements under Title III, and that the taps were not properly authorized. This Court denied those motions on August 3, 2012. *See United States v. Savoy*, 883 F. Supp. 2d 101 (D.D.C. 2012). The defendants thereafter entered into plea agreements. Defendant Scurry pleaded guilty to a two count superseding information charging him with conspiracy to distribute 280 grams or more of cocaine based and conspiracy to commit money laundering. He agreed that he was responsible for more than 280 grams but less than 840 grams of cocaine base and that a sentence of 144 months was appropriate. On December 3, 2012, he was sentenced to 144 months imprisonment.

On appeal, the Court of Appeals for the D.C. Circuit found that "each of the Hudson and Johnson [wiretap] orders is 'insufficient on its face,' because each fails to include information expressly required by Title III," namely, the identity of "the individual high-level Justice Department official who, as required by section 2516(1), authorized the underlying wiretap application." *United States v. Scurry*, 821 F.3d 1, 8 (D.C. Cir. 2016) (internal citation omitted). The Court of Appeals found that suppression of the evidence collected or derived from the Hudson and Johnson wiretaps was the appropriate remedy. *Id.* at 13–14. With respect to the Scurry wiretaps, however, the Court of Appeals found that the applications were supported by probable cause and satisfied the necessary requirements. *Id.* at 16–18. It therefore affirmed this Court's denial of Scurry's motion to suppress. *Id.* at 18.

After the case was remanded for further proceedings, the government determined that evidence from the Savoy taps was derived from the Hudson taps, and was therefore subject to suppression. It thus moved to dismiss the cases against defendants Hudson, Johnson, Savoy, and

Brown. Those motions were granted on September 28, 2016, and the defendants were released from prison. Defendant Eric Scurry thereafter filed the instant motion to dismiss, arguing that the indictment against him must be dismissed based on the Court of Appeals' decision and the subsequent dismissal of the indictments against his co-defendants.

The Court finds that dismissal of the indictment against Scurry is not warranted. As the government notes, the Scurry wiretaps were the first in this case. They did not stem or derive from information revealed in any of the other, subsequent wiretaps. The D.C. Circuit's opinion—which expressly upheld this Court's decision not to suppress the Scurry wiretaps—has no effect on the evidence against Scurry. Moreover, Scurry specifically agreed in his plea agreement that he was responsible for 280 grams of cocaine base. Although he challenges his guilty plea as not knowing or voluntary in a separate § 2255 motion, which will be addressed in a separate opinion, nothing in the D.C. Circuit opinion, or the government's subsequent decision to ask for the dismissal of the indictments against Scurry's co-defendants, affects this agreement. Finally, although Scurry argues that he was sentenced solely based on the quantities of narcotics alleged in the indicted conspiracy initially charged against Savoy, Hudson, and Johnson, and because those indictments have been dismissed, his must be as well, this is simply untrue. Scurry was sentenced based on his own plea agreement, in which he both agreed that he was responsible for 280 grams of cocaine base, and that a sentence of 12 years imprisonment was appropriate.

In sum, the Court concludes that there is no basis upon which to dismiss the indictment against Scurry. Scurry's motion shall be denied. A separate order accompanies this Memorandum Opinion.

Date: August 22, 2018

Royce C. Lamberth
United States District Judge