IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Criminal No.: 10-cr-310-RCL |
| vs. | ) ) ) | **EVIDENTIARY HEARING SET:** |
| ERIC SCURRY, | ) ) ) | November 17, 2025 at 10:00 a.m. |
| Defendant. | ) ) ) | |

<u>ERIC SCURRY'S **EXPEDITED** MOTION FOR DISCOVERY UNDER RULE 6 OF THE RULES GOVERNING SECTION 2255 PROCEEDINGS</u>

Defendant Eric Scurry ("Defendant"), by and through his undersigned counsel, hereby moves the Court **on an expedited basis** to allow very limited discovery under Rule 6 of the Rules Governing Section 2254 Cases and Section 2255 Proceedings for the United States District Court.

1. On August 8, 2025, the Court found that it is necessary to hold an evidentiary hearing to resolve the Motion to Vacate Judgment that Mr. Scurry has brought under 28 U.S.C. § 2255. The Court determined that, among other things, it "needs more information regarding Mr. Scurry's sentencing exposure on his non-conspiracy charges." The Court stated that this is because the Government contends that his sentencing exposure, even

1

without the conspiracy charge, would have induced Mr. Scurry to plead, but there is not enough information in the record for the Court to make that determination. (ECF No. 449.)

2. For contextual purposes, on December 15, 2011, Mr. Scurry was charged in a Superseding Indictment with Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or More of Cocaine and 280 Grams or More of Cocaine Base, in violation of Title 21, United States Code, Section 846, as well as several counts of Unlawful Distribution of Cocaine Base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), Unlawful Distribution of Cocaine Base within 1000 Feet of a School, in violation of Title 21, United States Code, Sections 860(a), and Unlawful Use of a Communication Facility and Aiding and Abetting, in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2. (ECF No. 115.)

3. Because of the Court's order which focuses on non-conspiracy purchases, which include distribution counts for controlled buys allegedly from Mr. Scurry, undersigned defense counsel needs to review undercover operation recordings which were part of the Government's original case-in-chief. However, Mr. Scurry has had several changes of counsel over the past 15 years since he was first charged, and current counsel does not have all the material and is therefore asking the government to *re-produce* a very limited amount of this material, as explained in more detail below. Additionally, as

explained below, counsel is asking the government for a very limited set of exculpatory material relating to the informant in the undercover operation, to the extent any had in error not been previously produced.

4. On November 4, 2025, Mr. Scurry sought the Government's voluntary production of these materials, after registering their absence from the inherited discovery files. However, the Government has declined either to re-produce previously produced materials, or to look for other similar materials to be produced for the first time. The Government opposes this motion.

5. Under Rule 6 of the Section 2255 procedures in federal court, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."

6. Good cause exists, as supported by case law, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief...." *United States v. Chapa*, 141 F. Supp. 3d 11, 14 (D.D.C. 2015) (*citing Bracy v. Gramley*, 520 U.S. 899, 908–09, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997)). Upon such a showing, 'it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry." *Bracy,* 520 U.S. at 909. However, "the scope and extent of such discovery is a matter confided to the discretion of the District Court." *Id.* The Court can choose for information to be shared and limit it based on what is "reasonably necessary"

to limit a request that may be seen as overbroad. *United States v. Straker*, 258 F. Supp. 3d 151 (D.D.C. 2017).

7. Here, as set forth below, good cause exists for discovery very limited in scope, feasible even given its last-minute nature. The information being sought specifically relates to Mr. Scurry's ability to demonstrate in the upcoming evidentiary hearing that the Government faced difficulty in proving non-conspiracy conduct, which was eventually dropped as part of the plea agreement.

8. In preparing for the upcoming evidentiary hearing, undersigned counsel reviewed discovery letters that the Government had re-disclosed last month, two of which notified prior defense in 2011 about the informant's admitted misidentification of Mr. Scurry during the undercover operation. *See* Defendant's Exhibits 7 and 8 for the Evidentiary Hearing, attached hereto. The informant belatedly told the FBI that he had bought the drugs from *another* individual, and not from Mr. Scurry.

9. To further exculpate Mr. Scurry as the alleged controlled purchaser, Mr. Scurry's undersigned counsel is looking for the footage from the camera worn by the informant during the controlled buy at issue in the disclosure letters, as well as other materials one would presume existed and likely had been produced before in 2010-2012.  However, a decade and a half later, this material is no longer to be found among the materials passed along by prior counsel.  As previously mentioned, undersigned counsel wrote to the

4

Government to receive **duplicate** copies of these previously-disclosed materials as follows:

   a. FBI 302s about the informant's different versions of events (reference being to Defendant's Exhibits 7 and 8 for the Evidentiary Hearing);

   b. Video footage of the actual moments of the alleged transaction; and

   c. Similar materials as above for any other of the other controlled buys alleged in the superseding indictment to have occurred where there are indications that Mr. Scurry was not, in fact, the person handing the drug to the informant.

10. Finally, undersigned counsel also asked the Government for anything of this same nature in the above-referenced requests that exists but that was, in error, *not* produced -- to be turned over now before the evidentiary hearing, as soon as practicable.

11. In addition to Mr. Scurry needing to make use of these materials about the informant's alleged controlled purchase from him, the Government's Exhibit List for the upcoming evidentiary hearing looks to present evidence about all of the controlled buys charged in the indictment. (ECF No. 455.)

12. Thus, the information about Mr. Scurry's misidentification by the controlled buyer hereby requested by undersigned counsel will be responsive to the Court's order in this Section 2255 motion, both by allowing Mr. Scurry to show his entitlement to relief by presenting evidence as to the weak evidence of the non-conspiracy conduct, and to respond to the Government's proof

during the evidentiary hearing on Mr. Scurry's supposed exposure on those charges.

13. The expedited nature of this motion is explained, and justified, by the fact that undersigned counsel registered the lack of materials only last week after reviewing the discovery correspondence re-produced last month, and then promptly sought to solve the problem first with the Government. The Government declined with no other explanation than its belief that Mr. Scurry is not entitled to discovery at this stage. Undersigned counsel attended to this motion as fast as possible given other commitments, including oral argument before the D.C. Circuit tomorrow.

WHEREFFORE, the Court should grant Mr. Scurry's expedited motion for limited discovery.

Dated this 12th day of November, 2025.     Respectfully submitted,

/s/ Bruce H. Searby
Bruce H. Searby (DC #1012382)
SEARBY PLLC
2000 P Street, NW, Suite 705
Washington, D.C. 20036
Tel: (202) 750-6106
bsearby@searby.law

COUNSEL FOR DEFENDANT
ERIC SCURRY

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of November, 2025, true and genuine copies of ERIC SCURRY'S EXPEDITED MOTION FOR DISCOVERY UNDER RULE 6 OF THE RULES GOVERNING SECTION 2255 PROCEEDINGS were served via electronic mail by this Court's CM/ECF system, which will serve a copy on all counsel of record.

Respectfully submitted,

/s/ Bruce H. Searby_____